Brown *vs.* The Eagle and Phenix Manufacturing Company.

J. RHODES BROWN, plaintiff in error, *vs.* THE EAGLE AND PHENIX MANUFACTURING COMPANY, defendant in error.

When the verdict of the jury is for one-fourth more than is justified by the pleadings and evidence, and the court below granted a new trial, this court will not reverse the judgment, nor will it put the defendant in error on terms so as to require him to write off the excess when the evidence is conflicting as to his right to recover at all. The judge having granted a new trial, his judgment ought not to be disturbed.

New trial. Practice in the Supreme Court. Before Judge JAMES JOHNSON. Muscogee Superior Court. October Term, 1873.

J. Rhodes Brown brought assumpsit against the Eagle and Phenix Manufacturing Company for $21,000 00. He alleged that on May 4th, 1866, plaintiff, at the request of defendant, planned, prepared and organized the erection of the factory of the defendant, and superintended for and during two years and one month from the day last aforesaid, the mounting, putting in operation the machinery, and the manufactures fabricated and sold by it, for which services the defendant undertook and promised to pay him the amount aforesaid. The declaration also contained *quantum meruit* and *quantum valebat* counts. It was filed May 1st, 1872.

The defendant pleaded the statute of limitations, the gengeneral issue, payment, and accord and satisfaction.

The jury found for the plaintiff $4,930 00, with interest from June 2d, 1868. The defendant moved for a new trial, because the verdict was contrary to the law and the evidence.

The evidence was voluminous and conflicting. It is omitted as unnecessary to an understanding of the opinion. The calculation upon which the jury reached their verdict was as follows:

| | |
|---|---:|
| Estimate of salary for two and a half years.......... | $15,000 00 |
| Profits in water lots........................................... | 2,630 00 |
| Dividends in old factory................................... | 1,500 00 |
| | $19,130 00 |

Brown *vs.* The Eagle and Phenix Manufacturing Company.

| | | |
|---|---|---|
| Amount brought forward...................... | | $19,180 00 |
| Payments.—Subscription to stock.....................$12,500 00 | | |
| Cash.............................................. 1,100 00 | | |
| Account................................................. 600 00 | | |
| | $14,200 00 | |
| Deduct .................................................................. | | $14,200 00 |
| Amount of verdict........................................ | | $ 4,930 00 |

In this calculation there is a manifest error against the defendant in this, that it is charged with "profits in water lots, $2,630 00," and "dividends in old factory, $1,500 00," which the evidence failed to disclose ever went into its treasury. In fact, the amount of these items was in the hands of William H. Young, one of the directors of defendant. Out of it he paid to the defendant the sum of $3,125 00, the amount of plaintiff's first installment of his subscription to stock, having in his hands $1,005 00, which was improperly charged by the verdict to the defendant. These two items arose from other business transactions between Young and the plaintiff, and never went upon the books of the defendant.

The court ordered a new trial, and plaintiff excepted.

R. J. Moses; M. H. Blandford, for plaintiff in error.

Ingram & Crawford; Peabody & Brannon, for defendant.

McCay, Judge.

The verdict in this case is shockingly large, and as to the item for the interest of the plaintiff in the old property, etc., it is *clearly* wrong. The defendants below were, under the evidence, in no way answerable for that, and there is hardly any view of the evidence that will justify the amount of this verdict that does not include this item in the finding. We have been appealed to, to direct this item to be written off and to let the verdict stand in this condition. But we decline to do so. We agree with the judge that the verdict is a hasty one, evidently made up under a leaning by the jury in favor

of the plaintiff in the case, and as the judge has granted a new trial, we think it in accord with the principles of justice that there should be a new trial. The large demand made by the plaintiff and the extravagant estimate by some of his witnesses of the value of his services, look to us as fabulous and oppressive, and we think the defendant in error entitled at least to the verdict of another jury.

Judgment affirmed.